**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KEITH L. ROGERS,

    Petitioner,                                         Case No. 2:07-CV-11902
v.                                                    HONORABLE NANCY G. EDMUNDS
                                                         UNITED STATES DISTRICT JUDGE
CARMEN PALMER,

    Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

Keith L. Rogers, ("Petitioner"), presently confined at the Michigan Reformatory in Ionia, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his convictions for first-degree criminal sexual conduct, felonious assault, and domestic violence.[1] Respondent has filed an answer, which is construed as a motion to dismiss on the ground that petitioner has failed to exhaust all of his claims in the state courts. *See Davis v. Lafler,* No. 2008 WL 1808823, * 1 (E.D. Mich. April 21, 2008). Petitioner has filed a reply to the state's answer. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust his claims, failing which the petition shall be dismissed

---

[1] When petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Saginaw Correctional Facility, but has since been transferred to the Michigan Reformatory. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Therefore, the Court substitutes Warden Carmen Palmer in the caption.

1

without prejudice. The Court will also administratively close the case.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Rogers,* No. 249496 (Mich.Ct.App. October 11, 2005); *lv. den.* 474 Mich. 1071, 711 N.W.2d 324 (2006); *reconsideration den.* 474 Mich. 1132, 712 N.W.2d 471 (2006).

On April 25, 2007, petitioner filed his application for habeas relief on the following eight grounds: [2]

> (1) Petitioner's conviction was obtained illegally when his wife was coerced to testify under threat.
> (2) Petitioner's conviction was obtained illegally in violation of his right to privileged communication.
> (3) The prosecution failed to disclose to the defense evidence favorable to Petitioner where Petitioner's wife repeatedly told the prosecution that she had not been raped or sexually assaulted by her husband.
> (4) Petitioner was denied the effective assistance of counsel at trial.
> (5) The evidence was insufficient to support the conviction.
> (6) The trial court failed to give the requested lesser included instruction on third-degree criminal sexual conduct.
> (7) The trial court failed to allow petitioner to make a full record during an evidentiary hearing held on his ineffective assistance of counsel claim.
> (8) Petitioner was denied the effective assistance of appellate counsel when he failed to raise and argue meritorious issues.

## II. Discussion

The instant petition is subject to dismissal because it contains several claims which have not been properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first

---

[2] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on April 25, 2007, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the State's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that state prisoners in Michigan must present their habeas claims to the Michigan Court of Appeals and the Michigan Supreme Court before they can raise them in a federal habeas corpus petition. *See Sanders v. McKee*, 276 F. Supp. 2d 691, 693 (E.D. Mich. 2003).

In the present case, petitioner's first, second, third, a portion of his fourth, fifth, sixth, and eighth claims are unexhausted for various reasons.

First, petitioner never presented his first, second, third, or fifth claims to either the Michigan Court of Appeals or to the Michigan Supreme Court. Petitioner appears to argue that his first, second, third, and fifth claims were exhausted because he raised these claims at a post-trial evidentiary hearing before the trial court. Petitioner, however, never presented these claims in his appellate brief before the Michigan Court of Appeals or the Michigan Supreme Court. Although petitioner may have argued some of these claims in his post-trial motions before the trial court, his failure to present these

3

claims on his direct appeal before the Michigan appellate courts precludes a finding of exhaustion. *See Stanley v. Jones,* 973 F. 2d 680, 682 (8th Cir. 1992); *See also Bloom v. McKune,* 130 Fed.Appx. 229, 232 (10th Cir. 2005).

Moreover, although petitioner raised a claim on direct appeal that trial counsel was ineffective for failing to elicit testimony from petitioner's wife that she had been coerced by the police into pressing sexual assault charges against petitioner and for failing to elicit testimony from petitioner's wife that she had told the prosecutor that she had not been raped, this would be insufficient to exhaust these issues as independent claims for purposes of federal habeas review. First, the heading in petitioner's brief before the Michigan Court of Appeals did not fairly present either of these claims to that court, because the heading merely stated that petitioner had been denied the effective assistance of trial counsel, without reference to either substantive claim. [3] Because the heading in petitioner's brief fails to reference the factual basis for either substantive claim, neither substantive issue was fairly presented to the state appellate courts. *See Wagner v. Smith,* 581 F. 3d 410, 415-16 (6th Cir. 2009).

Moreover, for purposes of federal habeas review, exhaustion requires that a claim raised in a habeas petition must be presented to the state courts under the same theory in which it is later presented in federal court. *Williams v. Bagley,* 380 F. 3d 932, 969 (6th Cir. 2004). A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim in the state courts. *See See Hicks v. Straub,* 377 F. 3d 538, 552 (6th Cir. 2004). Although petitioner claimed that his wife

---

[3] Petitioner's brief on appeal to the Michigan Court of Appeals is part of this Court's Dkt. # 9-13.

had been coerced into testifying by the police and that the prosecutor had suppressed evidence that petitioner's wife had told them that she had not been raped, petitioner raised this only in the context of his ineffective assistance of counsel claim, not as independent substantive claims. Because petitioner did not present his first and third claims before the Michigan appellate courts under a legal theory that was separate and distinct from his ineffective assistance of counsel claim, these two claims have not been fairly presented to the state courts. *Wagner,* 581 F. 3d at 417.

Petitioner raised his sixth and eighth claims, as well as a portion of his fourth claim involving the ineffective assistance of counsel, only for the first time before the Michigan Supreme Court. Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present these claims in his appeal with the Michigan Court of Appeals, his subsequent presentation of these claims to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Farley v. Lafler,* 193 Fed.Appx. 543, 549 (6th Cir. 2006)*; Schroeder v. Renico,* 156 F. Supp. 2d 838, 844, n. 5 (E.D. Mich. 2001); *Winegar v. Corrections Department*, 435 F. Supp. 285, 288-89 (W.D. Mich. 1977).

With respect to petitioner's ineffective assistance of trial counsel claims, petitioner raised before the Michigan Supreme Court for the first time a claim that counsel was ineffective for failing to move for a mistrial and for failing to request a lesser included offense. Although petitioner did raise several ineffective assistance of trial counsel claims on direct appeal, these were different than this ineffective assistance of

5

counsel claim. A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley,* 69 F. 3d 247, 253 (8th Cir. 1995)(*quoting Tippitt v. Lockhart,* 903 F. 2d 552, 554 (8th Cir. 1990)). Because petitioner's ineffective assistance of trial counsel claim involving counsel's failure to move for a mistrial and for failing to request a lesser included offense are different than the ineffective assistance of trial counsel claims that were presented before the Michigan Court of Appeals, this claim has not been fairly presented to the state courts. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th Cir. 2003)(*citing to Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987)); *See also Brandon v. Stone,* 226 Fed.Appx. 458, 459 (6th Cir. 2007).

The Court further notes that although the Michigan Supreme Court granted petitioner permission to add these three additional claims in his application for leave to appeal before the Michigan Supreme Court, this would be insufficient for exhaustion purposes. *See Haytham v. Bell,* No. 2008 WL 3875399, * 2 (W.D. Mich. August 18, 2008)("While the state court rules may permit a defendant to raise a new issue in the state supreme court, the law governing federal habeas corpus petitions requires a claim to be exhausted at each level of the state appellate courts.").

Petitioner appears to argue in his reply brief that exhaustion should be excused because appellate counsel failed to raise these claims in his appeal of right. An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). A habeas petitioner,

however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

The mere fact that appellate counsel failed to raise petitioner's first, second, third, fifth, sixth, and eighth claims on petitioner's direct appeal to the Michigan Court of Appeals would not render exhaustion futile, because petitioner still has available state court remedies with which to exhaust these claims. *See Gray v. Wingo,* 391 F. 2d 268, 269 (6th Cir. 1967)(petition for writ of habeas corpus which raised claim that court-appointed counsel failed to ask for a new trial or to appeal was properly denied, since petitioner had not availed himself of Kentucky's post-conviction procedures).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003). Petitioner has an available state court remedy with which to exhaust his claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Wagner,* 581 F. 3d at 419*; See also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could exhaust these claims by filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and(C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R.

6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

The Court will hold the petition in abeyance, rather than dismiss it without prejudice, to avoid the possibility that petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of these issues in the state courts. [4]

A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to

---

[4] This Court has the discretion to stay the petition and hold it in abeyance even though petitioner did not specifically request this Court to do so. *See e.g. Banks v. Jackson,* 149 Fed. Appx. 414, 422, n. 7 (6th Cir. 2005).

exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner,* 581 F. 3d at 419. Further, petitioner may assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

### III. ORDER

It is **ORDERED** that petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.** If petitioner fails to

9

file a motion for relief from judgment with the state courts by that date, the Court will dismiss his petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case will then be held in abeyance pending the petitioner's exhaustion of the claims. Petitioner shall re-file a habeas petition within **sixty (60) days after the conclusion of the state court post-conviction proceedings**. Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

                            s/Nancy G. Edmunds
                            Nancy G. Edmunds
                            United States District Judge

Dated: May 11, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 11, 2010, by electronic and/or ordinary mail.

                            s/Carol A. Hemeyer
                            Case Manager