UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH L. ROGERS, #293546,

                Petitioner,

                                      CASE NO. 2:07-CV-11902
v.                                  HONORABLE NANCY G. EDMUNDS

PAUL D. KLEE,

                Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

I.    **Introduction**

        This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner Keith L. Rogers ("Petitioner") was convicted of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.530b(1)(f), felonious assault, MICH. COMP. LAWS § 750.82, and domestic violence, MICH. COMP. LAWS § 750.81(2), following a jury trial in the Wayne County Circuit Court.  He was sentenced to concurrent terms of 25 to 40 years imprisonment on the criminal sexual conduct conviction, one to four years imprisonment on the assault conviction, and three months in jail on the domestic violence conviction in 2003.[1]

        In his pleadings, Petitioner raises claims concerning the use of his wife's testimony (illegal entry, witness coercion, spousal privilege), the non-disclosure of evidence, the effectiveness of trial counsel, the great weight and the sufficiency of the evidence, the jury instructions, the admission of other acts evidence, the appellate record, and the

_____

      [1]Petitioner has served his assault and domestic violence sentences, but remains incarcerated on his criminal sexual conduct sentence.

effectiveness of appellate counsel.  For the reasons set forth, the Court denies the habeas

petition.  The Court also denies a certificate of appealability and denies leave to proceed

in forma pauperis on appeal.

## II.   Facts and Procedural History

Petitioner's convictions arise from an assault upon his wife at their home in Detroit,

Michigan on January 24, 2003.  The Michigan Court of Appeals described the relevant

facts, which are presumed correct on habeas review,  28 U.S.C. § 2254(e)(1); *Wagner v.

Smith*, 581 F.3d 410, 413 (6th Cir.2009), as follows:

> Defendant's convictions arose from the physical and sexual assault of his
> wife outside of their home on the evening of January 24, 2003. The
> complainant returned home after visiting her sister's house and found
> defendant waiting for her. Defendant accused her of having an affair and
> failing to pick up his son from school. Defendant grabbed the complainant by
> the inside of her mouth and pulled her from her vehicle. In the driveway,
> defendant proceeded to tear off the complainant's pants and underwear. He
> repeatedly shoved his hand into her vagina. Defendant again grabbed the
> complainant by the inside of her mouth and lifted her into the air. Defendant
> dragged the complainant into the garage where he continued his physical
> assault. Defendant choked the complainant by strangling her and by shoving
> his hand into her mouth. He repeatedly hit the complainant, slammed her
> against walls, and hit her head against the stone steps leading into the
> house. Defendant ignited the complainant's hair with a lighter. He repeatedly
> threatened to kill her, once brandishing a shovel. However, in the middle of
> this prolonged assault, defendant allowed the complainant to answer a phone
> call from her sister, who summoned the police. Defendant was subsequently
> arrested and the complainant was hospitalized.

*People v. Rogers*, No. 249496, 2005 WL 2516964, *1 (Mich. Ct. App. Oct. 11, 2005)

(unpublished).

Following his convictions and sentencing, Petitioner filed an appeal of right with the

Michigan Court of Appeals raising claims concerning the admission of other acts evidence

and the effectiveness of counsel at trial and sentencing.  The court initially remanded the

case to the trial court for an evidentiary hearing on the ineffective assistance of counsel

claims.  The trial court conducted the hearing and denied relief on Petitioner's motion for new trial.  The Michigan Court of Appeals subsequently affirmed Petitioner's convictions and sentences.  *Id.*  Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same issues, as well as new claims concerning the jury instructions and the effectiveness of trial and appellate counsel, which was denied in a standard order.  *People v. Rogers*, 474 Mich. 1071, 711 N.W.2d 324 (2006).  His request for reconsideration was also denied.  *People v. Rogers*, 474 Mich. 1132, 712 N.W.2d 471 (2006).

In 2007, Petitioner filed his initial federal habeas petition raising all of the foregoing issues as grounds for relief.  The Court determined that Petitioner had not fully exhausted all of his habeas claims in the state courts and held the petition in abeyance so that Petitioner could return to state court to do so.

Petitioner subsequently filed a motion for relief from judgment with the state trial court raising all of his claims.  The trial court denied the motion under the plain error standard finding that the claims lacked merit.  *People v. Rogers*, No. 03-002196 (Wayne Co. Cir. Ct. Sept. 7, 2010).  Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to establish entitlement to relief under Mich. Ct. R. 6.508(D)."  *People v. Rogers*, No. 300401 (Mich. Ct. App. July 20, 2011) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied.  *People v. Rogers*, 490 Mich. 971, 806 N.W.2d 333 (2011).

Petitioner then successfully moved to reopen this case and proceed on an amended petition.  He raises the following claims:

I.      Petitioner's convictions were obtained illegally in violation of his IV and

3

XIV amendment rights under both the U.S. and Michigan Constitutions: when his wife was coerced to testify under threat by the Detroit police; when they illegally entered their home without a search warrant; when they overheard a private conversation and told the defendant's wife that if she did not testify to what he was going to charge, they would remove their children from the home.

II.    Petitioner's convictions were obtained illegally in violation of his right to privileged communication under the V Amendment of both the U.S. and Michigan Constitutions, when his spouse was forced to testify under against him by the prosecution and the police.

III.   Petitioner's convictions were obtained in violation of his V and XIV amendment rights under both the U.S. and Michigan Constitutions, when the prosecution failed to disclose evidence favorable to the defense when his wife told them that she had not been sexually assaulted, and used perjured testimony to prove his guilt.

IV.    Petitioner was denied the effective assistance of counsel in violation of his VI amendment rights under both the U.S. and Michigan Constitutions during critical stages of trial when counsel failed to elicit testimony from his wife that she had not been raped, failed to move for a mistrial when trial court didn't give the proposed lesser instruction of CSC III, failed to request lesser included instructions, failed to suppress the testimony of Officer Brandon Cole which was in violation of the defendant's IV amendment rights and his Miranda rights, allowing the prosecution to use them to convict him, and for failing to present and defense or adversarial challenge on behalf of the defendant.

V.     Petitioner's conviction for CSC-I was against the great weight of the evidence and was based on insufficient evidence in violation of his right to due process under the XIV amendment of both the U.S. and Michigan Constitutions.

VI.    Petitioner was denied due process in violation of his V and XIV amendment rights to a properly instructed jury when the trial court failed to give defense counsel's required instruction of CSC III as a lesser included instruction to CSC I.

VII.   Petitioner was denied his constitutional due process right to a fair trial where Judge Fresard's failure to exercise her discretion in ruling on the prosecution's MRE 404(b) motion, which was totally inconsistent with substantial justice under MCR 2.613, and resulted in a miscarriage of justice under MCL 769.26.

VIII.  Assuming arguendo that Judge Fresard could be said to have

4

exercised discretion when ruling on the prosecution's MRE 404(b) motion, Petitioner was denied his constitutional due process right to a fair trial when Judge Fresard erred in allowing defendant's wife, Bernadine Rogers, to testify about other acts under MRE 404(b) that resulted in Petitioner suffering irreparable prejudice before the jury.

IX.   Petitioner was denied due process under the XIV Amendment of the Constitution when the trial judge failed to allow him to make a complete and full record for the Michigan Court of Appeals to evaluate.

X.   Petitioner was denied the effective assistance of appellate counsel in violation of his VI amendment rights under both the U.S. and Michigan Constitutions, when counsel failed to identify and raise meritorious state and federal issues, and failed to orally argue his brief before the Court of Appeals.

Respondent has filed an answer to the petition contending that it should be denied because the claims are not cognizable, barred by procedural default, and/or lack merit. Petitioner has filed a reply brief.

## III.   Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, provides the standard of review for federal habeas cases brought by state prisoners. The AEDPA provides in relevant part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule

that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must

6

ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court" and quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam).  Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"  *Harrington*, 131 S. Ct. at 785.  Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002).  While the requirements of "clearly established law" are determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue.  *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

IV.  **Analysis**

A.  **Procedural Default**

As an initial matter, Respondent contends that some of Petitioner's claims are barred by procedural default. It is well-settled, however, that federal courts on habeas review "are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). The United States Supreme Court has explained the rationale behind such a policy: "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the procedural issues are intertwined with the merits of Petitioner's issues and the substantive issues are simpler to resolve. Accordingly, the Court shall proceed to the merits of Petitioner's claims.

B.  **Merits**

1.  **Illegal Entry and Witness Coercion**

Petitioner first asserts that he is entitled to habeas relief because the police illegally entered his home and coerced his wife into testifying against him by threatening to take away their children. Petitioner raised this claim in his motion for relief from judgment on collateral review. The trial court denied relief finding that the motion lacked merit under

8

the plain error standard and the appellate courts denied relief under Michigan Court Rule 6.508(D).

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[2]  First, to the extent that Petitioner asserts a violation of his Fourth Amendment rights, he fails to state a claim upon which habeas relief may be granted.  Federal courts will not address a Fourth Amendment claim upon habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes.  *Stone v. Powell*, 428 U.S. 465, 494-95 (1976).  A court must perform two distinct inquiries when determining whether a petitioner may raise a claim of illegal arrest in a habeas action.  First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim.  Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism."  *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)).

Michigan has a procedural mechanism with "an adequate opportunity" for a criminal defendant to raise a Fourth Amendment claim.  *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005).  This procedural mechanism is a motion to suppress, ordinarily filed before trial.  *See People v. Ferguson*, 376 Mich. 90, 93-94, 135 N.W.2d 357, 358-59 (1965) (describing the availability of a pre-trial motion to suppress); *see also People v. Harris*, 95 Mich. App. 507, 509, 291 N.W.2d 97, 99 (1980) (analyzing the legality of a warrantless search, seizure, and arrest even though raised for the first time on

---

[2]The Court would reach the same result under a de novo standard of review.

9

appeal).  Consequently, Petitioner is entitled to relief on this issue only if he establishes that he was prevented from litigating the Fourth Amendment issue by a failure of Michigan's procedural mechanism.

Petitioner has not done so.  Petitioner could have filed a suppression motion with the state trial court and, if unsuccessful, pursued the issue in the state appellate courts. He raised the same and/or similar claims on collateral review in the state courts and was denied relief.  Thus, it is clear that the Michigan courts were cognizant of Petitioner's Fourth Amendment claim and that he received all the process he was due.  Accordingly, his Fourth Amendment claim is not cognizable on habeas review pursuant to *Stone v. Powell*.  Habeas relief is not warranted on such a basis.

Second, Petitioner is not entitled to relief on his witness coercion claim.  Under federal law, a criminal defendant does not have standing to challenge the voluntariness of a statement made by a witness to the police because the privilege against self-incrimination of the Fifth and Fourteenth Amendments is personal in nature and does not extend to third parties called as witnesses at trial.  *United States v. Nobles*, 422 U.S. 225, 234 (1975); *Berry v. Mintzes*, 529 F. Supp. 1067, 1075 (E.D. Mich. 1981).  While the United States Court of Appeals for the Sixth Circuit has indicated that the use of a witness's coerced testimony may violate a defendant's rights under the Due Process Clause of the Fourteenth Amendment, *see Bradford v. Johnson*, 476 F.2d 66 (6th Cir. 1973), the Supreme Court has not so ruled.  *See Samuel v. Frank*, 526 F.3d 566, 569 (7th Cir. 2008); *see also Johnson v. Bell*, 525 F.3d 466, 479-81 (6th Cir. 2008) (distinguishing *Webb v. Texas*, 409 U.S. 95 (1972), and *Washington v. Texas*, 388 U.S. 14 (1967), and denying relief on claim that authorities coerced witness into providing favorable prosecution testimony).  Federal habeas review is limited to deciding whether the state

10

court decision comports with clearly established federal law as determined by the United States Supreme Court when the state court renders its decision.  28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 412; *Mitzel v. Tate*, 267 F.3d 524, 530-31 (6th Cir. 2001).  Petitioner thus fails to state a claim upon which habeas relief may be granted as to this issue.

Moreover, even assuming that Petitioner states a due process claim, he is not entitled to relief.  At trial, there was no evidence that the police threatened or coerced the victim into testifying against Petitioner.  In fact, when discussing the possibility of a plea deal before the start of trial, the victim stated that she was not opposed to a plea bargain, but she thought that a 4 to 8-year sentence was not enough prison time.  5/6/03 Trial Tr., pp. 8-10.  It was only after trial and sentencing that the victim alleged that the police had threatened to take away her children if she did not testify at trial.  She explained that she thought that Petitioner was guilty of domestic violence, but not rape, and that his sentence was excessive.  2/24/03 Affidavit, 8/13/04 Evid. Hrg. Tr., pp. 39, 43-46.  Petitioner's counsel testified that he spoke with the victim prior to trial, that she was very forthcoming, and that she never told him about any police threats.  8/13/04 Evid. Hrg. Tr., pp. 20-22.  The record does not establish that the police or the prosecutor coerced the victim into testifying at trial.  Rather, it appears that she was conflicted about the situation, particularly the length of Petitioner's sentence.  Petitioner fails to establish a due process violation.  Habeas relief is not warranted.

### 2.  Spousal Privilege

Petitioner relatedly asserts that he is entitled to habeas relief because the victim was forced to testify against him in violation of her spousal privilege rights.  Petitioner raised this claim in his motion for relief from judgment on collateral review.  The trial court denied relief finding that the motion lacked merit under the plain error standard and the

11

appellate courts denied relief under Michigan Court Rule 6.508(D).

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[3]  First, there is no constitutional marital privilege, only an evidentiary one.  *See* Fed. R. Evid. 501; *Sandoval v. Toledo Corr. Inst.*, 409 F. App'x 847, 851-52 (6th Cir. 2010); *United States v. Morris*, 988 F.2d 1335, 1338 (4th Cir. 1993); *Byrd v. Armontrout*, 880 F.2d 1, 9-10 (8th Cir. 1989); *Port v. Heard*, 764 F.2d 423, 430 (5th Cir. 1985); *Rankin v. Roberts*, 788 F. Supp. 521, 523 (D. Kan. 1992) (marital privilege does not rise to the level of a constitutionally guaranteed right). Petitioner's claim thus amounts to a challenge to a state law evidentiary ruling.  It is well-established, however, that alleged trial court errors in the application of state procedure or evidentiary law, particularly regarding the admissibility of evidence, are generally not cognizable as grounds for federal habeas relief.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993).  "Trial court errors in state procedure or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action, unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment."  *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (quoting *McGuire*, 502 U.S. at 69-70); *see also Wynne v. Renico*, 606 F.3d 867, 871 (6th Cir. 2010) (citing *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007)); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

No such error occurred in this case.  The victim's testimony was properly admitted under state law because it fell within the exception to the spousal privilege statute for

---

[3]The Court would reach the same result under a de novo standard of review.

testimony given when the defendant is charged with committing a personal wrong or injury against the testifying spouse.  *See* Mich. Comp. Laws § 600.2162(3)(d); *People v. Szabo*, 303 Mich. App. 737, 740-41, 846 N.W.2d 412 (2014).  Furthermore, any statements made to, or in front of, the police, which were admitted through police testimony, are not governed by the spousal privilege.  *See, e.g., People v. Dewitt*, 173 Mich. App. 261, 266 (1988) (spouse's statements introduced through third party, rather than spouse, are not subject to spousal privilege).  The admission of any marital communications through the victim's testimony or the police testimony did not violate state law nor deny Petitioner a fundamentally fair trial.  Habeas relief is not warranted on this claim.

### 3.   Non-Disclosure of Evidence and Use of Perjury

Petitioner asserts that he is entitled to habeas relief because the prosecution failed to disclose evidence favorable to the defense and used perjured testimony to convict him. Petitioner raised this claim in his motion for relief from judgment on collateral review.  The trial court denied relief finding that the motion lacked merit under the plain error standard and the appellate courts denied relief under Michigan Court Rule 6.508(D).

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[4]  The United States Supreme Court has made clear that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction."  *Berger v. United States*, 295 U.S. 78, 88 (1935).  To prevail on a claim of prosecutorial misconduct, however, a habeas petitioner must demonstrate that the prosecutor's conduct or remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Donnelly v. DeChristoforo*,

---

[4]The Court would reach the same result under a de novo standard of review.

13

416 U.S. 637, 643 (1974); *see also Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citing *Donnelly*); *Parker v. Matthews*, _ U.S. _, 132 S. Ct. 2148, 2153 (2012) (confirming that *Donnelly/Darden* is the proper standard).

Petitioner asserts that the prosecutor failed to disclose evidence that the victim told the authorities that she did not feel that she had been sexually assaulted and she was pressured into testifying.  There is no general constitutional right to discovery in a criminal case.  *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).  A prosecutor's failure to disclose evidence favorable to the defense constitutes a denial of due process "where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  To find a *Brady* violation, not only must the evidence be suppressed, it must be material and favorable to the accused.  *Elmore v. Foltz*, 768 F.2d 773, 777 (6th Cir. 1985).  Favorable evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  *United States v. Bagley*, 473 U.S. 667, 682 (1985); *see also Kyles v. Whitley*, 514 U.S. 419, 432–36 (1995).  Material evidence is that which is "so clearly supportive of a claim of innocence that it gives the prosecution notice of a duty to produce."  *United States v. Clark*, 988 F.2d 1459, 1467 (6th Cir. 1993).  The duty to disclose favorable evidence includes the duty to disclose impeachment evidence.  *Bagley, supra*; *Giglio v. United States*, 405 U.S. 150, 154-55 (1972).

The *Brady* rule only applies to "the discovery, after trial, of information which had been known to the prosecution but unknown to the defense."  *United States v. Agurs*, 427 U.S. 97, 103 (1976).  A *Brady* violation does not occur if previously undisclosed evidence is disclosed during trial unless the defendant is prejudiced by its prior non-disclosure.  *United States v. Word*, 806 F.2d 658, 665 (6th Cir. 1986).  Thus, in order to establish a

14

*Brady* violation, a petitioner must show that: (1) evidence was suppressed by the prosecution in that it was not known to the petitioner and not available from another source; (2) the evidence was favorable or exculpatory; and (3) the evidence was material to the question of guilt. *Carter v. Bell*, 218 F.3d 581, 601 (6th Cir. 2000). The petitioner bears the burden of establishing a *Brady* violation. *Id.*

Petitioner has not met his burden. Even assuming that the victim told the prosecutor that she did not feel she had been raped and that she felt pressured into testifying and her remarks were not disclosed to the defense before trial, such information was available from a source other than the prosecutor – the victim herself. At the *Ginther* hearing, defense counsel testified that he spoke with the victim several times prior to trial, that she initiated several conversations, and that she was very forthcoming, forgiving, and willing to help. Thus, Petitioner could have discovered the information prior to trial.[5]

Moreover, even if Petitioner could not have discovered such information, Petitioner fails to establish a *Brady* violation. Any remark about not feeling that she had been raped was the victim's own opinion on a legal issue and was neither exculpatory nor material to the question of Petitioner's guilt of first-degree criminal sexual conduct. Neither Petitioner's intent nor the victim's opinion about such matters were relevant to the charge. *See, e.g., People v. Nyx*, 479 Mich. 112, 117-18, 734 N.W.2d 548 (2007) (prosecutor need not prove any particular criminal intent to obtain a first-degree criminal sexual conduct conviction). Moreover, the fact that the victim felt pressured into testifying does not mean that she testified falsely about what transpired during the incident. The victim consistently

---

[5]In fact, Petitioner asserts that trial counsel was ineffective, in part, because he was aware of such information and failed to elicit it from the victim at trial. *See* Amended Pet., p. 22.

told the authorities, and testified at trial, about the underlying facts of personal injury, force, and digital penetration, which supported Petitioner's first-degree criminal sexual conduct conviction. *See People v. Nickens*, 470 Mich. 622, 629, 685 N.W.2d 657 (2004) (setting forth elements of first-degree criminal sexual conduct). Even post-trial, she did not recant those supporting facts. Given such circumstances, Petitioner cannot demonstrate that he was prejudiced by the alleged non-disclosure of evidence. He thus fails to establish a *Brady* violation.

Petitioner next asserts that the prosecutor presented perjured testimony from police officer Brandon Cole. The United States Supreme Court has made clear that the "deliberate deception of a court and jurors by the presentation of known and false evidence is incompatible with the rudimentary demands of justice." *Giglio v. United States*, 405 U.S. 150, 153 (1972). It is thus well-settled that "a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Agurs*, 427 U.S. 97, 103 (1976) (footnote omitted); *see also Napue v. Illinois*, 360 U.S. 264, 271 (1959); *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998). To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew that the statements were false. *Coe*, 161 F.3d at 343. A habeas petitioner bears the burden of proving that the disputed testimony constituted perjury. *Napue*, 360 U.S. at 270.

Petitioner makes no such showing. The record merely reflects certain discrepancies between the victim's testimony and the officer's testimony about events that occurred after the assault. Such discrepancies or other inconsistencies do not establish.

16

"While a prosecutor may not knowingly use perjured testimony, a prosecutor is not required to ensure that prosecution witnesses' testimony be free from all confusion, inconsistency, and uncertainty." *Jackson v. Lafler*, No. 06-CV-15676, 2009 WL 1313316, *12 (E.D. Mich. May 11, 2009). Similarly, the fact that a witness contradicts himself/herself or changes his/her story does not establish perjury. *See, e.g., United States v. Wolny*, 133 F.3d 758, 763 (10th Cir. 1998); *United States v. Lebon*, 4 F.3d 1, 2 (1st Cir. 1993).

Petitioner also fails to present any facts to show that the prosecutor knowingly presented false information. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis for an evidentiary hearing on habeas review). While there were some variations and inconsistencies in the testimony provided by the prosecution's witnesses, Petitioner has not shown that the testimony was false or, more importantly, that the prosecution knowingly presented false testimony. Habeas relief is not warranted.

### 4.   Effectiveness of Trial Counsel

Petitioner asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to elicit testimony from the victim that she did not feel that she had been raped, failing to seek a mistrial when the trial court refused to instruct the jury on third-degree criminal sexual conduct, failing to request lesser included jury instructions, failing to seek suppression of Officer Cole's testimony, and failing to challenge the prosecution's case and defend him.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*,

17

466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on

18

habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Petitioner first asserts that counsel was ineffective for failing to elicit testimony from the victim that she did not feel that she had been raped and the police pressured her into testifying at trial. Petitioner raised this issue on direct appeal and the Michigan Court of Appeals denied relief. The court ruled that trial counsel's cross-examination was a matter of trial strategy which would not be second-guessed on appeal and that any such testimony would have had "little effect" on the outcome at trial given the victim's testimony describing the sexual assault. *Rogers*, 2005 WL 2516964 at *3.

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, Petitioner has not shown that trial counsel was deficient. Counsel testified at the *Ginther* hearing that he spoke to the victim several times before trial, that she never raised these issues, and that he had no basis for asking such questions. He also testified that he did not ask the victim if she wanted to prosecute because that could be considered witness tampering. *Ginther* Hrg. Tr., pp. 19-21, 25, 30. Given such circumstances, counsel's strategy and cross-examination of the victim was reasonable. Second, Petitioner has not shown that he was prejudiced by counsel's conduct. Throughout the proceedings, the victim consistently testified that she was personally injured, physically assaulted, and digitally penetrated during the incident. Her opinion as to whether such acts constituted criminal sexual

19

conduct was irrelevant and, given her consistent description of the assault, there is no reasonable probability that testimony about being pressured into testifying would have affected the outcome at trial. Petitioner has not shown that counsel was ineffective.

Petitioner next asserts that counsel was ineffective for failing to move for a mistrial when the trial court refused or failed to instruct the jury on third-degree criminal sexual conduct. Petitioner raised this claim in his motion for relief from judgment on collateral review. The trial court denied relief finding that the motion lacked merit under the plain error standard and the appellate courts denied relief under Michigan Court Rule 6.508(D).

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[6] Even assuming that trial counsel erred in failing to follow through on his request for an instruction on third-degree criminal sexual conduct, Petitioner cannot establish that he was prejudiced by counsel's conduct. The trial court properly instructed the jury on the first-degree criminal sexual conduct charge, the jury convicted Petitioner of that offense after a short period of deliberation, and the evidence was sufficient to support that verdict. *See* discussion *infra*. Moreover, under Michigan law as applicable to this case, the element that distinguishes first-degree criminal sexual conduct from third-degree criminal sexual conduct is personal injury to the victim. *See* Mich. Comp. Laws §§ 750.520b(1)(f), 750.520d(1)(b). That element was essentially uncontested at trial, particularly given the victim's testimony, the police testimony, and the photographic evidence of the victim's injuries. Petitioner fails to establish that counsel was ineffective under the *Strickland* standard.

Petitioner relatedly asserts that counsel was ineffective for failing to request other

---

[6]The Court would reach the same result under a de novo standard of review.

lesser offense instructions, such as for fourth-degree criminal sexual conduct or assault with intent to commit criminal sexual conduct involving sexual penetration. Petitioner raised this claim in his motion for relief from judgment on collateral review. The trial court denied relief finding that the motion lacked merit under the plain error standard and the appellate courts denied relief under Michigan Court Rule 6.508(D).

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[7]  Petitioner cannot establish that counsel erred or that he was prejudiced by counsel's conduct. Choosing not to request charges on possible lesser included offenses can be sound trial strategy. *Tinsley v. Million*, 399 F.3d 796, 808 (6th Cir. 2005). As to fourth-degree criminal sexual conduct, counsel reasonably decided not to request such an instruction because fourth-degree criminal sexual conduct is a cognate lesser offense of first-degree criminal sexual conduct. *See, e.g., People v. Baker*, 103 Mich. App. 704, 712-13, 304 N.W.3d 262 (1981). Under Michigan law, a jury may not be instructed on an uncharged cognate lesser offense. *See People v. Cornell*, 466 Mich. 335, 354, 646 N.W.2d 127 (2002) (discussing Mich. Comp. Laws § 768.32(1)). As to assault with intent to commit criminal sexual conduct involving penetration, a necessarily included offense of first-degree criminal sexual conduct*, People v. Nickens*, 470 Mich. 622, 633, 685 N.W.2d 657 (2004), counsel may have reasonably decided not to request such an instruction because a rational view of the evidence did not support it. Moreover, the defense at trial was to challenge the victim's version of events, cite the lack of physical evidence of sexual assault, and argue that the digital penetration and sexual aspect of the assault did not occur, not to claim that lesser sexual contact

---

[7]The Court would reach the same result under a de novo standard of review.

occurred. Such a strategy was reasonable under the circumstances. This Court will not second-guess counsel's reasonable trial strategy.

Furthermore, as discussed *supra*, in light of the given jury instructions, the evidence presented at trial, and the jury's verdict, Petitioner cannot demonstrate that he was prejudiced by counsel's decision not to request any of the lesser offense instructions. He thus fails to establish that counsel was ineffective under the *Strickland* standard.

Petitioner also asserts that counsel was ineffective for failing to seek suppression of Officer's Cole's testimony concerning Petitioner's statement on the scene that he and the victim were "fooling around and things got out of hand." Petitioner raised this claim in his motion for relief from judgment on collateral review. The trial court denied relief finding that the motion lacked merit under the plain error standard and the appellate courts denied relief under Michigan Court Rule 6.508(D).

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[8] Counsel may have reasonably decided not to object to Officer Cole's testimony about Petitioner's statement on the scene because there was no basis for objection. The statement was a party admission and, contrary to Petitioner's claim, was not obtained in violation of his *Miranda* rights because the police had just arrived on the scene and were assessing the situation – and Petitioner was neither in custody nor under arrest when he made the statement. *See United States v. Panak*, 552 F.3d 462, 465 (6th Cir. 2009) (citing *Stansbury v. California*, 511 U.S. 318, 322 (1994)); *United States v. Davis*, 27 F. App'x 592, 601-02 (6th Cir. 2001). Counsel cannot be ineffective for failing to make a futile or meritless objection. *See Coley v.*

---

[8]The Court would reach the same result under a de novo standard of review.

*Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000).

Lastly, Petitioner asserts that counsel was ineffective for failing to challenge the prosecution's case by admitting his guilt of domestic violence and by not properly cross-examining prosecution witnesses, and for "flatly" failing to represent him at trial. Petitioner raised such issues on direct appeal and the Michigan Court of Appeals denied relief. The court explained that counsel's decision to concede guilt on the misdemeanor domestic violence charge and focus on defending the two more serious charges was sound trial strategy. *Rogers*, 2005 WL 2516964 at *3. The court found that counsel was not ineffective in cross-examining the victim or the other acts witness because the questioning of witnesses is a matter of trial strategy, counsel was not aware of the underlying information, and/or Petitioner failed to establish that he was prejudiced. *Id.* Petitioner also raised such issues in his motion for relief from judgment on collateral review. The trial court denied relief finding that the motion lacked merit under the plain error standard and the appellate courts denied relief under Michigan Court Rule 6.508(D).

The Michigan Court of Appeals' decision on direct appeal and the state courts' denial of relief on collateral review are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, counsel was not ineffective for conceding Petitioner's guilt on the domestic violence charge. Defense counsel may concede a defendant's guilt of lesser offenses in an effort to avoid conviction on more serious charges without running afoul of the Sixth Amendment. *See Poindexter v. Mitchell*, 454 F.3d 564, 582 (6th Cir. 2006) (citing *Florida v. Nixon*, 543 U.S. 175, 189 (2004), and ruling that defense counsel was not ineffective for conceding that the

23

petitioner was guilty of murder but arguing that he was not guilty of aggravated murder); *Smith v. Jones*, No. 2:03-CV-10230, 2007 WL 470548, *6-7 (E.D. Mich. Feb. 7, 2007) (counsel was not ineffective for conceding guilt on home invasion and robbery charges and contesting sexual assault charges).  The evidence of domestic assault in this case was overwhelming and counsel's decision to concede guilt of that misdemeanor was sound trial strategy so that he could appear reasonable before the jury and focus on the more serious charges.  The fact that counsel's strategy was ultimately unsuccessful does not mean that counsel was ineffective.  *See Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) ("an ineffective-assistance-of-counsel claim cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken").

Second, trial counsel was not ineffective in cross-examining the victim, the other acts witness, or other prosecution witnesses.  While the failure to cross-examine a prosecution witness can constitute ineffective assistance of counsel, *Hence v. Smith*, 37 F. Supp. 2d 970, 983 (E.D. Mich. 1999), "courts generally entrust cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel." *Millender v. Adams*, 187 F. Supp. 2d 852, 870 (E.D. Mich. 2002).  Impeachment strategy is a matter of trial tactics and such decisions are not ineffective "simply because in retrospect better tactics may have been available."  *Henderson v. Norris*, 118 F.3d 1283, 1287 (8th Cir. 1997); *see also Dell v. Straub*, 194 F. Supp. 2d 629, 651 (E.D. Mich. 2002).

Petitioner asserts that counsel should have questioned the victim about whether she felt that she had been raped and whether she was coerced into testifying and should have challenged the admission of the photographs of her injuries.  The record, however, indicates that trial counsel did not cross-examine the victim about whether she felt that she had been raped or coerced into testifying because she never provided such information

24

during their pre-trial conversations and he did not want to engage in witness tampering. Counsel also believed that any testimony about whether the victim felt that she had been raped would have been irrelevant and inadmissible because it called for a legal conclusion.  8/13/04 Evid. Hrg. Tr., pp. 19-22.  Additionally, counsel had no basis for challenging the photographs of the victim's injuries because they were relevant and admissible.  The mere fact that they were not all used during the preliminary examination does not preclude their admission at trial.  Moreover, counsel was able to use the fact that only one photograph was taken of the victim's lower body and it only showed a small scratch on the victim's leg to challenge the sexual assault charge.   Given such circumstances, counsel's cross-examination of the victim was reasonable.

Petitioner asserts that counsel failed to properly impeach the other acts witness, his ex-wife, with transcripts from his prior domestic assault trial and with their contentious divorce/financial matters.  The record indicates that counsel moved to suppress the other acts evidence, but the trial court denied the motion.  Once such evidence was admitted, counsel may have reasonably decided not to draw further attention to the matter by limiting the questioning of this witness.  Moreover, counsel was able to elicit testimony from this witness that while Petitioner was convicted of misdemeanor domestic assault in her case, he was acquitted of more serious assault charges.  The record further indicates that counsel did not question the ex-wife about the divorce/financial matters because Petitioner did not disclose such issues to him before trial.  Given such circumstances, counsel's conduct was reasonable.

Lastly, Petitioner asserts that counsel failed to properly cross-examine Officer Cole. Petitioner, however, fails to offer facts in support of this assertion.  Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief.  *See Cross v. Stovall*,

25

238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis for an evidentiary hearing on habeas review). Additionally, as discussed *supra*, Officer Cole's testimony about Petitioner's statement was relevant and admissible. Petitioner fails to demonstrate that counsel erred or that he was prejudiced by counsel's conduct. Habeas relief is not warranted.

### 5. Great Weight and Sufficiency of Evidence

Petitioner also asserts that he is entitled to habeas relief because the verdict was against the great weight of the evidence and the prosecution failed to present sufficient evidence of guilt to support his first-degree criminal sexual conduct conviction. Petitioner raised this claim in his motion for relief from judgment on collateral review. The trial court denied relief finding that the motion lacked merit under the plain error standard and the appellate courts denied relief under Michigan Court Rule 6.508(D).

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[9] Petitioner is not entitled to relief on his claim that the verdict was against the great weight of the evidence. It is well-established that habeas review is not available to correct errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). The federal constitution requires only that the evidence be sufficient to sustain the conviction under the standard established in *Jackson v. Virginia*, 443 U.S. 307 (1979). Where the evidence is sufficient

---

[9]The Court would reach the same result under a de novo standard of review.

26

as a matter of due process, a claim that the verdict was against the weight of the evidence presents a state law issue which is not cognizable on habeas review. A federal habeas court has no power to grant habeas relief on the ground that a state conviction is against the great weight of the evidence. *Cukaj v. Warren*, 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); *Dell v. Straub*, 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002). Habeas relief is thus not warranted on such a basis.

The federal due process clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The question on a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A federal habeas court views this standard through the framework of 28 U.S.C. § 2254(d). *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). Thus, under the AEDPA, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review – the factfinder at trial and the state court on appellate review – as long as those determinations are reasonable. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). Furthermore, the *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n. 16). "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). Accordingly, the "mere existence

27

of sufficient evidence to convict . . . defeats a petitioner's claim." *Matthews*, 319 F.3d at 788-89.

Petitioner was convicted of first-degree criminal sexual conduct under Michigan Compiled Laws § 750.520b(1)(f). The elements of that offense are that the defendant "(1) causes personal injury to the victim, (2) engages in sexual penetration with the victim, and (3) uses force or coercion to accomplish the sexual penetration." *People v. Nickens*, 470 Mich. 622, 629, 685 N.W.2d 657 (2004). Personal injury means "bodily injury, disfigurement, mental anguish, chronic pain, pregnancy, disease or loss or impairment of a sexual or reproductive organ." Mich. Comp. Laws §750.520a(n). The Michigan courts have recognized "the legislative judgment that evidence of even insubstantial physical injuries is sufficient to support a conviction for criminal sexual conduct in the first-degree." *People v. Himmelein*, 177 Mich. App. 365, 378, 442 N.W.2d 667 (1989). Physical injuries thus need not be permanent or substantial to satisfy the personal injury element). *People v. Mackle*, 241 Mich. App. 583, 596, 617 N.W.2d 339 (2000). Direct or circumstantial evidence and reasonable inferences arising from such evidence can establish the elements of an offense. *People v. Jolly*, 442 Mich. 458, 466, 502 N.W.2d 177 (1993).

In this case, the victim's testimony, combined with the police testimony and photographs, provided sufficient evidence to establish that Petitioner committed first-degree criminal sexual conduct upon his wife. To be sure, a victim's testimony alone can be constitutionally sufficient to sustain a conviction. *See Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008) (citing cases). Petitioner challenges the jury's evaluation of the evidence. However, it is the job of the fact-finder at trial, not a federal habeas court, to resolve evidentiary conflicts. *Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002); *see also Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983) ("A

28

federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."). The jury's verdict was reasonable. The evidence presented at trial, viewed in a light favorable to the prosecution, established beyond a reasonable doubt that Petitioner committed first-degree criminal sexual conduct. Habeas relief is not warranted.

### 6.   Jury Instructions

Petitioner also asserts that he is entitled to habeas relief because the trial court failed to instruct the jury on third-degree criminal sexual conduct as a lesser offense of first-degree criminal sexual conduct. Petitioner raised this claim in his motion for relief from judgment on collateral review. The trial court denied relief finding that the motion lacked merit under the plain error standard and the appellate courts denied relief under Michigan Court Rule 6.508(D).

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[10]  In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous or universally condemned. Rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). The failure to give an instruction that is supported by the evidence does not automatically entitle a petitioner to habeas relief; the failure to instruct must have rendered the petitioner's trial fundamentally unfair. *Cupp v. Naughten*, 414 U.S. 141, 147 (1973);

---

[10]The Court would reach the same result under a de novo standard of review.

29

*Daniels v. Lafler*, 501 F.3d 735, 741 (6th Cir. 2007). A failure to instruct does not deprive a petitioner of fundamental fairness when the instructions as a whole adequately present the defense theory to the jury. *Duckett v. Godinez*, 67 F.3d 734, 743 (9th Cir. 1995). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson*, 431 U.S. at 155. State law instructional errors rarely form the basis for federal habeas relief. *Estelle*, 502 U.S. at 71-72.

The United States Supreme Court has declined to determine whether due process requires jury instructions on lesser included offenses in non-capital cases. *See Beck v. Alabama*, 447 U.S. 625, 638 n. 14 (1980). In *Hopper v. Evans*, 456 U.S. 605, 611 (1982), the Supreme Court ruled that a capital defendant is entitled to a lesser included offense instruction only when there is evidence to support it. The Supreme Court has since held that state courts are not constitutionally required to instruct capital case juries on crimes which are not lesser included offenses of the charged crime. *Hopkins v. Reeves*, 524 U.S. 88, 90-91 (1998). The United States Court of Appeals for the Sixth Circuit has interpreted Beck to mean that "the Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir.2001) (citing *Bagby v. Sowders*, 894 F.2d 792, 795-97 (6th Cir.1990) (en banc)); *see also Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002); *Adams v. Smith*, 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003). First-degree criminal sexual conduct is a non-capital offense. Consequently, the lesser offense instruction was not constitutionally required. Petitioner thus fails to state a claim upon which relief may be granted as to this issue. Habeas relief is not warranted.

### 7-8.   Admission of Other Acts Evidence

Petitioner next asserts that he is entitled to habeas relief because the trial court erred in admitting other acts evidence, namely testimony from Petitioner's ex-wife about

30

his prior abusive conduct and domestic violence conviction.   The Michigan Court of

Appeals denied relief on this claim, finding that the evidence was properly admitted under

state law as evidence of a common plan, scheme, or system of exerting physical control

over his spouse and was highly relevant of his intent. *Rogers*, 2005 WL 2516964 at *1-2.

The state court's decision is neither contrary to Supreme Court precedent nor an

unreasonable application thereof.  A federal court may only grant habeas relief to a person

who is "in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254(a).  Alleged trial court errors in the application of state procedure or

evidentiary law are generally not cognizable as grounds for federal habeas relief. *Estelle*

*v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

"Trial court errors in state procedure and/or evidentiary law do not rise to the level of

federal constitutional claims warranting relief in a habeas action, unless the error renders

the proceeding so fundamentally unfair as to deprive the petitioner of due process under

the Fourteenth Amendment."  *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (quoting

*Estelle*, 502 U.S. at 69-70); *see also Wynne v. Renico*, 606 F.3d 867, 871 (6th Cir. 2010)

(citing *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007)); *Bugh v. Mitchell*, 329 F.3d

496, 512 (6th Cir. 2003).

Accordingly, to the extent that Petitioner asserts that the trial court erred in

admitting the testimony under Michigan law, he merely alleges a state law violation which

does not justify federal habeas relief. *Bey*, 500 F.3d at 519.  State courts are the final

arbiters of state law and the federal courts will not intervene in such matters. *Lewis*, 497

U.S. at 780; *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288

F.3d 855, 860 (6th Cir. 2002).

Additionally, as to the admission of other acts, the United States Supreme Court

31

has declined to hold that similar "other acts" evidence is so extremely unfair that its admission violates fundamental conceptions of justice. *Dowling v. United States*, 493 U.S. 342, 352-53 (1990). Thus, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d 496, 512 (6th Cir. 2003). Consequently, there is no Supreme Court precedent that the state court decisions could be deemed "contrary to" under 28 U.S.C. § 2254(d)(1). *Id.* at 513; *Adams v. Smith*, 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Petitioner thus fails to state a claim upon which habeas relief may be granted as to this issue.

Furthermore, even if Petitioner states a cognizable claim, he is not entitled to relief. He has not shown that the admission of the other acts evidence rendered his trial fundamentally unfair. The other acts evidence was relevant and admissible on the issue of common plan, scheme, or system of exerting physical control over his spouse under Michigan Rule of Evidence 404(b). The prosecution did not make an improper propensity argument at trial – and the trial court instructed the jury on the proper consideration of the evidence. Jurors are presumed to follow the court's instructions. *See Penry v. Johnson*, 532 U.S. 782, 799 (2001) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)); *United States v. Powell*, 469 U.S. 57, 66 (1984) ("Jurors . . . take an oath to follow the law as charged, and they are expected to follow it."). Petitioner fails to establish that the admission of the other acts evidence was erroneous or, more importantly, that it rendered his trial fundamentally unfair. Habeas relief is not warranted.

### 9. Appellate Record

Petitioner also asserts that he is entitled to habeas relief because the trial court impeded his ability to make a proper record for appeal during the *Ginther* hearing.

32

Specifically, he claims that the trial court did not allow testimony from the attorney who defended Petitioner in the domestic violence trial involving his ex-wife (the other acts witness) and did not allow the victim to read her post-judgment affidavit into the record. Petitioner raised this claim in his motion for relief from judgment on collateral review. The trial court denied relief finding that the motion lacked merit under the plain error standard and the appellate courts denied relief under Michigan Court Rule 6.508(D).

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[11] The Supreme Court has held that states have no constitutional obligation to provide post-conviction remedies. *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Consequently, the Sixth Circuit has consistently held that "errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *see also Cornwell v. Bradshaw*, 559 F.3d 398, 411 (6th Cir. 2009) (citing *Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986), in ruling that federal habeas proceedings cannot be used to challenge errors or deficiencies in state post-conviction proceedings); *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001) ("habeas corpus cannot be used to mount challenges to a state's scheme of post-conviction relief"). There is also no clearly-established Supreme Court ruling that recognizes a constitutional right to a state court evidentiary hearing to develop a claim of ineffective assistance of counsel on direct appeal. *Hayes v. Prelesnik*, 193 F. App'x 577, 584-85 (6th Cir. 2006). Petitioner thus fails to state a claim upon which habeas relief may be granted as to this issue. Habeas relief is not warranted.

### 10. Effectiveness of Appellate Counsel

---

[11]The Court would reach the same result under a de novo standard of review.

2:07-cv-11902-NGE-VMM   Doc # 34   Filed 10/30/14   Pg 34 of 36   Pg ID 1678

Lastly, Petitioner asserts that he is entitled to habeas relief because appellate counsel was ineffective for failing to raise the claims that he raised on collateral review on direct appeal in the state courts. Petitioner raised this claim in his motion for relief from judgment on collateral review. The trial court denied relief finding that the motion lacked merit under the plain error standard and the appellate courts denied relief under Michigan Court Rule 6.508(D).

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[12] As discussed *supra*, in order to establish ineffective assistance of counsel, a habeas petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. With regard to appellate counsel, it is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the … goal of vigorous and effective advocacy …. Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *See Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463

---

[12]The Court would reach the same result under a de novo standard of review.

34

U.S. at 751-52).  "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).  Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal.  *Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner fails to show that by omitting the claims presented in his motion for relief from judgment, appellate counsel's performance fell outside the wide range of professionally competent assistance.  Appellate counsel raised substantial claims on direct appeal, including evidentiary claims and ineffective assistance of counsel claims.  None of the defaulted claims are "dead-bang winners," particularly given the significant evidence of guilt presented at trial.  Moreover, even if appellate counsel erred in some fashion, Petitioner cannot show that he was prejudiced by counsel's conduct because the foregoing claims lack merit.  *See* discussion *supra*.  Habeas relief is not warranted.

## V.    Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition.  Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong.  *Slack v. McDaniel*,

529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Having conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal because an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a). This case is closed.

        **IT IS SO ORDERED**.

s/ Nancy G. Edmunds_____
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: October 30, 2014

CERTIFICATION

I hereby certify that a copy of this order was served/mailed upon parties/counsel of record on this 30th day of October, 2014 by electronic means and/or U.S. Mail.

s/ Carol J Bethel_____
Case Manager